UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10752 PA (GJSx) | Date | February 25, 2021 |
|---|---|---|---|
| Title | Orlando Garcia v. Gateway Hotel L.P. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| G. Garcia | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant Gateway Hotel L.P. (Dkt. No. 20 ("Mot.").) Plaintiff Orlando Garcia ("Plaintiff") filed an Opposition (Dkt. No. 22.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for March 1, 2021 at 1:30 p.m., is vacated, and the matter taken off calendar.

**I.   Background**

According to Plaintiff's First Amended Complaint ("FAC"), Plaintiff has "physical disabilities" and is "substantially limited in his ability to walk." (FAC ¶ 1.) Plaintiff "suffers from cerebral palsy," "has the use of only one arm," and "uses a wheelchair, walker or cane for mobility." (Id.) "Due to Plaintiff's disability, "he is unable to, or seriously challenged in his ability to stand, ambulate, reach objects mounted at heights above his shoulders, transfer from his chair to other equipment, and maneuver around fixed objects." (Id. ¶ 11.) "Thus, Plaintiff needs an accessible guestroom and he needs to be given information about accessible features in hotel rooms so that he can confidently book those rooms and travel independently and safely." (Id.)

Plaintiff alleges he "planned on making a trip on October of 2020 to Santa Monica, California for a staycation." (Id. ¶ 13.) Plaintiff claims he "had tremendous difficulty in finding a hotel that provided enough information about accessibility features that would permit him to independently assess whether the rooms worked for him." (Id.) As alleged in Plaintiff's FAC, Plaintiff "felt that the Gateway Hotel in Santa Monica would work well for him due to its desirable location and price point." (Id. ¶ 14.)

On or about September 20, 2020, Plaintiff allegedly "went to the Gateway Hotel Santa Monica website . . . seeking to book an accessible room at the hotel." (Id. ¶ 15.) "Plaintiff was looking specifically for a roll-in shower room with two beds and found that the hotel offered a '2 Queens Accessible Roll-in Shower" room.' (Id. ¶ 17.) After selecting the "view details" button on this particular room, Plaintiff alleges "some information was provided about the particular room but [the website provided] few specific details and mostly [used] vague adjectives such as 'lowered,' 'raised,' or 'accessible' to describe the room's features. (Id. ¶ 18.) As alleged in Plaintiff's FAC, "[a]s for the rest of the hotel features, the hotel again does not provide much in the way of actual data[,] but simply slaps

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10752 PA (GJSx) | Date | February 25, 2021 |
|---|---|---|---|
| Title | Orlando Garcia v. Gateway Hotel L.P. | | |

the label 'accessible' on most features." (Id. ¶ 21.)  For example, the hotel states there is "an accessible public bathroom on the 1st floor," and the "[r]oute from the accessible public entrance to the registration area, . . . guestrooms, . . . restaurant, . . . [and] exercise room is accessible." (Id.)  In addition, the website lists that the accessible rooms "have larger doorways," "telephones are located next to the bed," the rooms have a "roll-in shower or shower/tub with handheld showerhead and hand rails," and an "ADA compliant sink/vanity." (Id.)

Plaintiff alleges that "claiming something is 'accessible' is a conclusion or opinion," and that under the ADA, "the hotel must not only identify but 'describe accessible features in the hotel and guest rooms offered through its reservation service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guess room meets his or her accessibility needs.'" (Id. ¶ 27 (citing 28 C.F.R. 26.302(e)(1)(ii)).)  Plaintiff alleges that here, "it would have been sufficient to state 'the route from the public entrance to the registration desk, to the restaurant, to the exercise room, and to the guestrooms are all a minimum of 36 inches in width.'" (Id. ¶ 28.)  As another example Plaintiff states a "simple statement that the hotel room entrance and interior doors provide at least 32 inches of clearance is enough to provide plaintiff this critical piece of information about whether he can fit his wheelchair into the hotel rooms." (Id. ¶ 32.)  Plaintiff lists five other specific items he believes the hotel's website should be required to specify. (Id.)

As alleged in Plaintiff's FAC, the "lack of information created a difficulty for [Plaintiff] and the idea of trying to book this room . . . caused difficulty and discomfort for Plaintiff and deterred him from booking a room at the Gateway Hotel Santa Monica." (Id. ¶ 36.)  Plaintiff alleges he "lives less than 30 minutes from this hotel and frequents the Santa Monica area frequently," and that he plans to return to this location in the future. (Id. ¶ 37.)

Plaintiff brings one cause of action for Violation of the Americans with Disabilities Act of 1990. (Id. ¶¶ 43-46.)  Defendant now seeks to dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal Standard

For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6).  See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10752 PA (GJSx) | Date | February 25, 2021 |
|---|---|---|---|
| Title | Orlando Garcia v. Gateway Hotel L.P. | | |

      However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561 (internal quotation omitted).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted).  In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

**III.  Judicial Notice**

      Defendant asks the Court to take judicial notice of five documents:

    1.    A copy of the "Landing Page" and Accessibility Tab of Defendant's website referred to in Plaintiff's Complaint (Ex. 1);

    2.    A copy of the relevant pages from Defendant's website showing the various accessible rooms (Ex. 2);

    3.    A list of Plaintiff's cases filed in California federal court and the San Diego Superior Court (Ex. 3);

    4.    A copy of the relevant pages from the online building permit records of the Santa Monica government (Ex. 4); and

    5.    The Consent Decree in U.S. v. Hilton Worldwide, Inc., No. 10-1924, ECF No. 5 (D.D.C. Nov. 29, 2010) (Ex. 5).

(See Request for Judicial Notice in Support of Defendant's Motion to Dismiss First Amended Complaint.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10752 PA (GJSx) | Date | February 25, 2021 |
|---|---|---|---|
| Title | Orlando Garcia v. Gateway Hotel L.P. | | |

      The Court takes judicial notice of Exhibits 1 and 2, which are both referenced in Plaintiff's Complaint.  See Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (finding district court correctly took judicial notice of information available on websites where "Plaintiffs directly quoted the material posted on these web pages, thereby incorporating them into the Complaint."). Exhibit 4 is an official government record from a government website, and Plaintiff does not dispute the authenticity of this document.  See Cota v. Maxwell-Jolly, 688 F. Supp. 2d 980, 998 (N.D. Cal. 2010) ("The Court may properly take judicial notice of the documents appearing on a governmental website.") Thus, the Court takes judicial notice of Exhibit 4.

      The Court does not rely on Defendant's Exhibit 3[1/] or Exhibit 5 in reaching it's decision on this Motion.  Thus, the Court denies Defendant's Request for Judicial Notice as to Exhibits 3 and 5 as moot.

**IV.**    **Analysis**

      To succeed on a discrimination claim under Title III of the Americans with Disabilities Act "(ADA)", a plaintiff must show that "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodation by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2011).  The third element is satisfied when the plaintiff can show a violation of accessibility standards.  Rodriguez v. Barrita, Inc., 10 F. Supp. 3d 1062, 1073 (N.D. Cal. 2014).  The ADA applies to websites that "impede[] access to the goods and services of . . . places of public accommodation." Robles v. Domino's Pizza LLC, 913 F.3d 898, 905 (9th Cir. 2019), cert. denied 140 S. Ct. 122 (2019).

      Here, Plaintiff argues Defendant's reservation system violates 28 C.F.R. § 36.302(e).  That section states:

> a place of lodging shall, with respect to reservations made by any means ... (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms; (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservation service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented

---

[1]    While the Court does not decide this Motion to Dismiss based on Plaintiff's standing, the Court does find Plaintiff's desire to visit 27 hotels in three months during the Covid-19 pandemic in which Los Angeles residents are being encouraged to stay at home suspicious.

Case 2:20-cv-10752-PA-GJS   Document 23   Filed 02/25/21   Page 5 of 7   Page ID #:309

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10752 PA (GJSx) | Date | February 25, 2021 |
|---|---|---|---|
| Title | Orlando Garcia v. Gateway Hotel L.P. | | |

and the accessible room requested is the only remaining room of that type;
(iv) Reserve, upon request, accessible guest rooms or specific types of
guest rooms and ensure that the guest rooms requested are blocked and
removed from all reservations systems; and (v) Guarantee that the specific
accessible guest room reserved through its reservation service is held for
the reserving customer, regardless of whether a specific room is held in
response to reservations made by others.

Plaintiff argues Defendant's reservation system violates Section 36.302(e) because the website does not provide sufficient detail about accessible features to allow Plaintiff, a wheelchair user, to make an independent assessment of whether these features would meet his needs. Plaintiff suggests that more detailed descriptions of the room's features are needed, such as specific measurement specifications for door width, aisle width, and sink height.

Defendant, in turn, points to a 2010 guidance document from the Department of Justice ("DOJ") entitled "Americans with Disabilities Act Title III Regulations: Nondiscrimination on the Basis of Disability by Public Accommodation and in Commercial Facilities." The DOJ document states that "[f]or hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower)."

This Court agrees with Defendant that, based on the allegations in Plaintiff's FAC and the judicially noticeable documents, the descriptions and level of detail provided on Defendant's website are sufficient to comply with the ADA. "[A] website need not list its compliance or non-compliance with every [ADA] Accessibility Guidelines ("ADAAG")] provision to satisfy 28 C.F.R. § 36.302(e)(iii)." Strojnik v. Orangewood LLC, 19-cv-00946, 2020 U.S. Dist. LEXIS 11743, at *20 (C.D. Cal. Jan. 22, 2020) The 2010 DOJ ADAAG Guidance on this provision "recognizes that a reservations system is not intended to be an accessibility survey," and "[b]ecause of the wide variations in the level of accessibility that travelers will encounter . . . it may be sufficient to specify that the hotel is accessible" and to provide basic facts about each accessible room." That is exactly what Defendant does here. Defendant provides Plaintiff notice that it has accessible rooms. While Plaintiff argues that "claiming something is 'accessible' is a conclusion or opinion," the term "accessible" is specifically defined in the ADAAG to describe "a site, building, facility, or portion thereof that complies with these guidelines." 1991 ADAAG § 3.5. Thus, the Defendant's use of the term "accessible" is not merely conclusory, it means that the features in the hotel defined by Defendant as "accessible" comply with the ADAAG.

Other courts have reached the same conclusion. For example, in Rutherford v. Evans Hotels, LLC, the Court found Plaintiff's "contention that '[c]ommon sense dictates that conclusorily stating that its rooms are 'accessible' is not enough detail for Plaintiffs to assess whether a hotel or guest room meets their particular accessibility needs . . . is dubious." 18-cv-00435, 2020 WL 5257868, at * 16 (S.D. Cal. Sept. 3, 2020). The Court pointed to the DOJ's own guidance, which states it may be sufficient to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10752 PA (GJSx) | Date | February 25, 2021 |
|---|---|---|---|
| Title | Orlando Garcia v. Gateway Hotel L.P. | | |

specify that the hotel is accessible and to describe the general type of room. (Id.) The Court concluded that "[j]ust because Mr. Rutherford would like additional detail does not mean that he is entitled to it under Section 26.302(e)(1)(iii)." Id.; see also Strojnik, 2020 U.S. Dist. LEXIS 11743, at *20 ("[E]ven had Plaintiff identified information that was missing from the website that related to his disability, a website need not list its compliance or non-compliance with every ADAAG provision to satisfy 28 C.F.R. § 36.302(e)(iii)"."); Barnes v. Marriott Hotel Servs., 15-cv-01409, 2017 WL 635474, at *10 (N.D. Cal. Feb. 16, 2017) (finding descriptions of rooms stating "[t]his type of room offers mobility accessible rooms" or "[t]his type of room offers accessible rooms with roll in showers" provided the "appropriate and acceptable" level of detail to comply with section 36.302(e)); Strojnik v. Kapalua Land Co., Ltd., 19-cv-1991, 2019 WL 5535766, at *7 (D. Hawai'i Aug, 26, 2019) ("Plaintiff fails to cite to any legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation."). Thus this Court finds, as other courts have already found, that describing a room as "accessible" is sufficient to comply with the ADAAG.

Plaintiff argues he is only asking that "a single paragraph of 5 sentences" be added to the hotel's website: "(1) Doorways provide at least 32-inches of clearance; (2) Beds have at least 30 inches of maneuvering clearance on each side; (3) Toilets have grab bars and the seat is between 17 and 19 inches high; (4) Sinks have knee clearance at least 27 inches high [and] at least 8 inches in depth, plumbing is wrapped, and the mirror's bottom edge is no more than 40 inches in height; and (5) Roll-in shower has grab bars and a detachable hand-held shower spray." (Opp. at 20.) Plaintiff argues this "small list of items are the bare necessities that Plaintiff must know to make an independent assessment of whether the 'accessible' hotel room works for him." (FAC ¶ 9.) Plaintiff further argues that "[o]ther accessibility requirements such as slopes of surfaces, whether the hand-held shower wand has a non-positive shut off valve, the temperature regulator, the tensile strength and rotational design grab bars, and so many more technical requirements under the ADA are beyond what is a reasonable level of detail and [P]laintiff does not expect or demand such information is provided." (Id. ¶ 34.)

Aside from the fact, as noted above, that stating that the room is "accessible" by definition means that the room complies with all of these ADA requirements, Plaintiff's interpretation of what is needed for him to determine whether he can use the room is not the law. While this Plaintiff may think these five sentences are the most important, another plaintiff may think that the slope is the most important thing a website should include. Yet another might think that the weight of the doors should be included on a hotel's website. In short, each individual plaintiff may have a separate list of the five most important things to list from the ADAAG on the hotel's website, such that, in the end, a hotel would be required to state on their website whether their facilities comply with each and every requirement of the AGAAG which is more than 250 pages long. Plaintiff cannot simply cherry pick a handful of regulations he thinks are most important and argue that information is what the law requires.

Finally, should Plaintiff require additional information than what is on the hotel's website, Defendant invites potential guests to "contact the hotel directly for additional details or specific questions on [the hotel's] accessible hotel and room amenities and features" and "provides . . . contact information for [Defendant's] staffed telephone line." (Mot. at 9, Request for Judicial Notice Ex. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10752 PA (GJSx) | Date | February 25, 2021 |
|---|---|---|---|
| Title | Orlando Garcia v. Gateway Hotel L.P. | | |

Plaintiff argues that while "[h]aving a hotel phone operator ready to provide information about accessibility features is great," it "does not excuse the hotel from providing such information on its reservation website." (Opp. at 4.) Plaintiff cites no case law for this position, and in fact the DOJ and case law state otherwise. The DOJ acknowledges that "individuals with disabilities may wish to contact the hotel or reservations services for more detailed information."  28 C.F.R. § Pt. 36, App. A.  Courts have interpreted this to mean that a website need not include all potentially relevant accessibility information where an inquiring patron can simply call the hotel for more information.  See Strojnik, 2020 U.S. Dist. LEXIS 11743, at *21 ("if a website was required to have all relevant information, individuals would not [be directed by the DOJ] to call the hotel to get further information.").  Thus, for this additional reason, the Court finds Plaintiff has failed to state a claim that Defendant's website violates the ADA.

## Conclusion

For the reasons stated above, the Court finds that Plaintiff fails to adequately state a claim that Defendant's website violates the ADA.  In addition, the Court finds that, based on Plaintiff's own FAC and the judicially noticed documents, Defendant's website does comply with the ADA.  Thus, the Court finds any future amendment would be futile.  The Court therefore dismisses Plaintiff's Complaint with prejudice.  The Court will issue a judgment consistent with this Order.

IT IS SO ORDERED.